UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITA JETTE

    Plaintiff,

  v.

GEORGE MCQUEEN, et al.,

    Defendants.

_____/

No. C 05-2226 PJH

**ORDER GRANTING AND DENYING THIRD PARTY MOTIONS TO DISMISS**

Third party defendants' separate motions to dismiss the third party plaintiff's complaint came on for hearing before this court on September 27, 2006. Third party plaintiff Michael Friel ("Friel") appeared through his counsel, Robert R. Riggs. Third party defendants Henry H. Katz ("Katz") and Seth L. Goldstein ("Goldstein") appeared through their counsel, Maureen M. Bryan. Having read the parties' papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS third party defendant Katz' motion to dismiss, and DENIES third party defendant Goldstein's motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    1.    With respect to third party defendant Katz, the court finds that no personal jurisdiction over him exists. Third party plaintiff Friel concedes that no general jurisdiction exists, and is unable, in the alternative, to establish that the Ninth Circuit's three-prong test for specific jurisdiction is satisfied. See, e.g., Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). Friel's reliance on limited correspondence from Katz is insufficient to establish proof of purposeful availment, in view of Katz' declaration affirmatively establishing both a lack of physical contact with the state

of California, and the absence of any legal representation of the plaintiff Jette in the underlying California probate action.  Moreover, the court also finds that the exercise of personal jurisdiction over Katz would be unreasonable under the circumstances, in view of his lack of contacts with the state of California, and the underlying plaintiff's own status as a non-California resident.

2. With respect to Friel's third party complaint against Goldstein, the court finds that subject matter jurisdiction over the complaint exists pursuant to the supplemental jurisdiction provision of 28 U.S.C. § 1367(a), and furthermore, that Friel has standing to assert a claim for contribution and indemnity against Goldstein.  As to the former, no exception to supplemental jurisdiction under section 1367(b) is applicable, since Friel is an underlying *defendant* and subsection (b) is interpreted to apply to underlying plaintiffs only.  As such, no independent basis of jurisdiction is necessary, and the fact that Goldstein and Friel are both residents of California does not bar the third party complaint.  As to the latter, Friel has sufficiently demonstrated the existence of a possible theory of liability against Goldstein, under California's doctrine of equitable indemnity.  This is sufficient to establish standing.  See, e.g., Ellison v. Shell Oil Co., 882 F.2d 349, 354 (9th Cir. 1989); see also American Motorcycle Assoc. v. Superior Court, 20 Cal. 3d 578, 583 (1978).  Accordingly, Goldstein's argument that standing is lacking fails.

For the above reasons, the court hereby GRANTS third party defendant Katz' motion to dismiss third party plaintiff Friel's complaint against him, and DENIES third party defendant Goldstein's motion to dismiss third party plaintiff Friel's complaint against him.

**IT IS SO ORDERED.**

Dated: October 3, 2006

PHYLLIS J. HAMILTON
United States District Judge